# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 14, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| CHANTAL BANKS, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 22-1206V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

<u>Leah VaSahnja Durant</u>, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.
<u>Dorian Hurley</u>, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On September 1, 2022, Chantal Banks ("Petitioner"), filed a petition in the National Vaccine Injury Program[2] alleging that she suffered from transverse myelitis ("TM") as a result of an influenza ("flu") vaccination on September 5, 2019. Petition at Preamble (ECF No. 1). The undersigned issued a decision dismissing the case on March 22, 2024. Decision dated Mar. 22, 2024 (ECF No. 33).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On September 19, 2024, Petitioner filed an application for attorneys' fees and costs. Petitioner's Application for Attorneys' Fees and Costs ("Pet. App."), filed Sept. 19, 2024 (ECF No. 36). Petitioner requests compensation in the amount of $31,760.31, representing $25,275.40 in attorneys' fees and $6,484.91 in costs. Id. at 1. Pursuant to General Order No. 9, Petitioner certifies that she has not expended any fees or costs in pursuit of her claim for compensation. Id. Respondent filed his response on October 2, 2024, stating he "defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. App. ("Resp. Response."), filed Oct. 2, 2024, at 2 (ECF No. 37). Petitioner filed a reply on October 29, 2024, maintaining her request and that she had reasonable basis and good faith. Pet. Reply to Resp. Response, filed Oct. 29, 2024 (ECF No. 42). The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Leah Durant, $441.00 per hour for work performed in 2022, $463.00 per hour for work performed in 2023, and $486.00 per hour for work performed in 2024; for Mr. Michael Milmoe, $553.00 per hour for work performed in 2023; and for Richard Amada, $420.00 per hour for work performed in 2022, $441.00 per hour for work performed in 2023, and $463.00 per hour for work performed in 2024. Petitioner also requests the following rates for work of their counsel's paralegals: $173.00 per hour for work performed in 2022, $181.00 per hour for work performed in 2023, and $190.00 per hour for work performed in 2024.

The undersigned finds the rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein.[3] The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable and will award them in full. Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded.

Therefore, the undersigned finds no cause to reduce the requested hours or rates, or the requested costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs.

**Petitioner is awarded attorneys' fees and costs in the total amount of $31,760.31 to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

---

[3] The undersigned will not deduct Petitioner's fees request for billing entries for noncompensable tasks because she finds the overall amount requested reasonable. However, counsel is again warned against billing for filing documents in the future. The undersigned may deduct for this in the future.

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[4]

      **IT IS SO ORDERED.**

                                    **/s/ Nora Beth Dorsey**
                                    Nora Beth Dorsey
                                    Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.